(No. 2546—▮▮▮▮▮▮)

EMIL KELLNER & COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937.*

MILLER & THOMAS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For the period of six years prior to the filing of the complaint herein, claimant was engaged in the general confectionery and soft drink jobbing business in the City of Rockford. In 1933 claimant became an importing distributor of malt and vinous beverages, and obtained a license as such distributor under the "Malt and Vinous Beverages" Act of this State, which said license expired on April 30th, 1934. On May 4th, 1934 claimant filed its application with the Illinois Liquor Control Commission for a license as an importing distributor under the provisions of the Liquor Control Act of this State, and forwarded the necessary bond, and certified check or draft in the sum of $250.00 in payment of the required license fee.

On May 15th, 1934 said Commission issued to the claimant its receipt for the aforementioned license fee, but the formal certificate or license was not issued by the Department of Finance until August 8th, 1934. Across the face of the aforementioned receipt was written the words "Void After 30 Days 1934-1935."

On June 5th, 1934 claimant notified said Commission by registered mail that: it would discontinue the business of importing distributor of alcoholic liquors on June 9th, 1934, and requested a refund of the unearned portion of the license fee theretofore paid. Claimant discontinued its said business on June 9th, 1934, but said Commission refused to make the requested refund on the ground that there was no. law authorizing the same.

Claimant contends that it is entitled to a refund of the unearned portion of the license fee paid by it, on account of the fact that it quit business and made demand for such refund prior to the time the formal license was actually issued to it.

Claimant fails to distinguish between the license or right to do business as an importing distributor, and the formal certificate or evidence of such right.

Under Section 117 of the Liquor Control Act as it then existed, all licenses issued by the Department expired on April 30th following their issuance. Thousands of applications were filed with the Commission each year, and a very large percentage of them were filed shortly before or shortly after the 30th day of April. It necessarily followed that all formal certificates or licenses could not be issued within the course of a few days, and for that reason receipts were issued as soon as convenient, and the formal certificates or licenses were issued thereafter. When issued, such licenses covered the period from the 1st day of May (or, if the application was received after that date, from the date of the receipt of the application by the Commission) to the 30th day of April next following.

Claimant makes much of the fact that the receipt on the face thereof contains the following words, to wit: "Void After Thirty Days 1934-1935," and contends that such notation authorized it to operate as an importing distributor for thirty days but not afterwards. If such notation is susceptible of

the construction placed upon it by the claimant, it is absolutely null and void, as the Commission had no authority under the Liquor Control Act to authorize anyone to conduct business as an importing distributor for the period of thirty days.

The fact that claimant decided to quit business and actually did quit business and make a claim for a refund prior to the time the formal certificate or license was received by him, does not change the legal aspect of the question. The question here involved is the question as to the right of an importing distributor to a refund of the unearned portion of the license fee paid by him, when he voluntarily retires from business after the commencement and before the expiration of the term for which application for license was made.

The only provisions of the Liquor Control Act which authorize a refund of the unearned portion of a liquor license fee are the following:

1. Where application is denied. Sec. 146.
2. In case of the death, insolvency or bankruptcy of the licensee, etc. Sec. 119.
3. Where the political subdivision, etc. in which the licensed premises are situated becomes prohibition territory during the term of the license. Sec. 181.

Claimant does not come within any of the foregoing provisions, and consequently has no right to a refund by virtue of the provisions of the Liquor Control Act.

The rule governing the right of a licensee to a refund of any portion of the license fee paid by him upon the voluntary surrender of his license, in the absence of a statute authorizing such refund, is set forth in 33 Corpus Juris, 572, sec. 180, as follows:

"A licensee or holder of a liquor tax certificate, upon the voluntary surrender of his license or certificate is not, in the absence of statute, entitled to a rebate for the unexpired portion of his license or certificate. But in some jurisdictions provision has been made by statute for a rebate in such cases."

The same rule is set forth in 15 R. C. L. p. 315, as follows:

"It seems to be well settled that ordinarily a licensee does not, on the voluntary surrender of his license, become entitled to the return of the license fee, in proportion to the unexpired term, in the absence of statutory enactment to the contrary."

This identical question was before this court in the case of *Robb* vs. *State,* No. 2706, decided at the January term,

1936 of this court. In that case we held that the claimant was not entitled to a refund of the unearned portion of the license fee.

Under the law as above set forth, we have no authority to allow an award, and the claim is therefore denied.

Award denied. Case dismissed.